# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

IN RE: TOMAS ZAVALIDROGA,                    6:20-PF-0001 (GTS)

                Respondent.

_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

Recently the undersigned has determined that grounds may exist to enjoin Tomas Zavalidroga ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

> litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. Since February 24, 2009, Respondent, while proceeding *pro se*, has filed eight actions in this Court, six of which have been dismissed based on lack of merit,[1] the seventh of which he had the good sense to voluntarily discontinue (given that it was duplicative of another pending

---

[1] *See Zavalidroga v. Cote*, 09-CV-0225, Order (N.D.N.Y. filed Jan. 19, 2010) (Hurd, J.) (dismissing plaintiff's *pro se* amended complaint for lack of subject-matter jurisdiction), *aff'd*, No. 10-0492-cv, Mandate (2d Cir. filed Nov. 24, 2010); *Zavalidroga v. Oneida Cty. Sheriff's Dep't*, 11-CV-0277, Order (N.D.N.Y. filed June 17, 2014) (Mordue, J.) (dismissing plaintiff's *pro se* amended complaint for failure to prosecute), *appeal dismissed as frivolous*, No. 14-2575, Mandate (2d Cir. filed July 29, 2015); *Zavalidroga v. Cuomo*, 11-CV-0831, Memorandum-Decision and Order (N.D.N.Y. filed Aug. 1, 2012) (Mordue, J.) (dismissing plaintiff's *pro se* complaint for lack of standing), *appeal dismissed for lack of jurisdiction*, No. 12-3620, Mandate (2d Cir. filed Feb. 20, 2013); *Zavalidroga v. Oneida Cty. Dep't of Adult Prot. Servs.*, 14-CV-1273, Decision and Order (N.D.N.Y. filed Dec. 18, 2015) (Suddaby, J.) (dismissing plaintiff's *pro se* complaint based on abstention doctrine), *appeal dismissed as frivolous*, No. 16-20, Mandate (2d Cir. filed May 25, 2016); *Zavalidroga v. Madison Cty.*, 17-CV-0117, Order of Dismissal (N.D.N.Y. filed March 21, 2019) (Hurd, J.) (dismissing remainder of plaintiff's *pro se* amended complaint for failure to prosecute, following dismissal of other portions of plaintiff's amended complaint for failure to state a claim); *Zavalidroga v. Girouard*, 17-CV-0682, Memorandum-Decision and Order (N.D.N.Y. filed Oct. 24, 2017) (Sannes, J.) (dismissing plaintiff's *pro se* complaint based on immunity and a failure to state a claim), *appeal conditionally dismissed*, No. 18-719, Mandate (2d Cir. filed Aug. 6, 2018).

action),[2] and the eighth of which is on the verge of dismissal.[3] By and large, these actions (which, again, were all commenced *pro se*) have been so patently without merit as to be harassing of the defendants, demonstrative of a lack of an objective good-faith expectation of prevailing, and unnecessarily burdensome to the Court. Moreover, given the fact that Respondent has continued his vexatiousness conduct despite having been admonished and even monetarily sanctioned,[4] the Court finds that sanctions lesser than a Pre-Filing Order would not be adequate to protect the Court and opposing parties.

Notwithstanding the overwhelming support for a filing injunction (or "Pre-Filing Order") under the circumstances, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

---

[2] *Zavalidroga v. Christmas,* 19-CV-1304, Order (N.D.N.Y. filed Oct. 25, 2019) (Suddaby, C.J.) (closing action due to plaintiff's voluntary discontinuance); *cf. Zavalidroga v. Hester,* 19-CV-1412, Order (N.D.N.Y. filed Nov. 19, 2019) (Suddaby. C.J.) (identifying action as related to 19-CV-1304).

[3] *See Zavalidroga v. Hester,* 19-CV-1412, Text Order (N.D.N.Y. filed Jan. 13, 2020) (Suddaby. C.J.) (directing plaintiff to show cause as to why his action should not be dismissed for failure to prosecute); *Zavalidroga v. Hester,* 19-CV-1412, Report-Recommendation (N.D.N.Y. filed Jan. 10, 2020) (Dancks, M.J.) (recommending that plaintiff's *pro se* complaint be dismissed for failure to state a claim).

[4] *See Zavalidroga v. Oneida Cty. Sheriff's Dep't*, 11-CV-0227, Decision and Order (N.D.N.Y. filed March 17, 2014) (Peebles, M.J.) (imposing monetary sanctions on plaintiff).

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[5] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated: January 16, 2020
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[5] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any actions filed by him in another federal district court and transferred to this Court by either him or his opponent, and/or filed by him in state court and removed to this Court by either him or his opponent, to the extent those other actions assert chiefly federal claims that largely arise from previously reviewed events and/or are asserted against previous defendants, rendering reasonable an anticipation that the actions would be transferred or removed to this Court. *In re Martin-Trigona*, 737 F.2d 1254, 1262-63 (2d Cir.1984), *accord, Lipin v. Sawyer*, 395 F. App'x 800, 801 (2d Cir. 2010).